THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WAYNE HILL, <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION, CURTIS BROWN, and MARCI BROWN, AND JOHN DOES I-V, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** <br><br> Case No. 4:21-cv-00050 <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendants Costco Wholesale Corporation ("Costco"), Curtis Brown, and Marci Brown (collectively, "Defendants") moved to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 25(a)(1) and Utah Code Ann. § 78B-3-107 ("Defendants' Motion"). They also moved to dismiss Count I of the Complaint for the independent reason that it does not survive Plaintiff's death.[1] Counsel for deceased Plaintiff Wayne Hill ("Hill") argued only the survivability of Count 1, Hill's claim under the Age Discrimination in Employment Act ("ADEA")[2], and asked that the action be dismissed without prejudice.[3] Hill did not otherwise oppose Defendants' motion.[4]

Because dismissal of the action with prejudice is warranted under Federal Rule of Civil Procedure 25, the issue of survivability of Hill's ADEA claim is not addressed. Defendants' Motion to Dismiss is GRANTED, and Hill's claims are DISMISSED WITH PREJUDICE.

---

[1] Motion to Dismiss, docket no. 46, filed March 14, 2023.

[2] Plaintiff's Memorandum in Opposition at 2-3, docket no. 49, filed April 13, 2023.

[3] Memorandum in Opposition at 3.

[4] Plaintiff's Memorandum in Opposition.

## BACKGROUND

Hill filed this action on May 5, 2021, alleging that Costco breached its employment agreement with Hill and discriminated against him based on age in violation of the ADEA, and that Curtis Brown and Marci Brown tortiously interfered with Hill's employment agreement with Costco.[5] Defendants filed their answer on September 8, 2021.[6]

On December 15, 2021, the parties jointly provided the following statement in a stipulated motion to amend the scheduling order,[7] which notified the Court of Hill's death:

> In support of the motion and as good cause for the requested extension, the parties request the additional time due to Plaintiff's unexpected death in November. Plaintiff's estate is in the process of assessing the matter and evaluating if and how to pursue the claim.

The motion was filed by defense counsel on the basis of a phone call with Hill's counsel in which "he confirmed that Mr. Hill had passed away unexpectedly on November 2, 2021" and "that he represented the Estate of Wayne Hill ("Estate").[8] This motion was granted on December 16, 2021.[9] On January 4, 2022, Hill's counsel signed interrogatories along with Hill's widow who signed "for the Estate of Wayne Hill."[10]

On March 7, 2022, Defendants requested a status conference with the Court to address further amendment of the scheduling order, among other things, based on Hill's death November

---

[5] Complaint, docket no. 2, filed May 5, 2021.

[6] Answer, docket no. 24, filed September 8, 2021.

[7] Stipulated Motion to Amend Scheduling Order, docket no. 30, filed December 15, 2021.

[8] Declaration of Matthew M. Durham in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 25(A)(1) ¶ 2, docket no. 47, filed March 14, 2023.

[9] Order Granting Motion for Amended Scheduling Order, docket no. 31, filed December 16, 2021.

[10] Declaration of Matthew M. Durham in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 25(A)(1) ¶ 3; Plaintiff's Responses to Defendants' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff at 22, docket no. 47-1, filed March 14, 2023.

2, 2021.[11] Hill's counsel did not oppose this request.[12] A status conference was held on March 29, 2022 pursuant to Federal Rules of Civil Procedure 16 and 25.[13] Thereafter, the case schedule was vacated and a follow-up status conference was set for 90 days later to give counsel time to reevaluate the case.[14] A follow-up status conference was held on July 6, 2022[15] in which the parties were directed to submit a new proposed scheduling order.[16] Accordingly, the parties submitted an amended scheduling order which was entered.[17] The order set September 11, 2022 as the deadline for Hill to amend the pleadings to substitute the Estate of Wayne Hill (the "Estate") as the proper plaintiff.[18]

The court established deadline for substitution of the Estate, after many extensions, was nine months after the suggestion of death appeared on the record. That notice included the fact that the estate was making an evaluation. And the motion to dismiss was filed fifteen months after the first record suggestion of Hill's death. Hill's counsel never filed a motion for substitution.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 25(a)(1) governs substitution of a party upon death and provides that if a motion to substitute the proper party "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."[19] A

---

[11] Request for Status Conference and Amendment of Scheduling Order, docket no. 33, filed March 7, 2022.

[12] *Id.*

[13] Notice of Video Hearing, docket no. 34, filed March 8, 2022.

[14] Minute Entry, docket no. 35, filed March 30, 2022.

[15] Amended Notice of Zoom Hearing, docket no. 40, filed June 29, 2022.

[16] Minute Entry, docket no. 41, filed July 6, 2022.

[17] Amended Scheduling Order, docket no. 42, filed July 28, 2022.

[18] Amended Scheduling Order, docket no. 42, filed July 28, 2022.

[19] Fed. R. Civ. P. 25 (a) (1).

"statement noting death" means "a suggestion of death upon the record."[20] Dismissal is mandatory under Rule 25(a)(1). This is because Rule 25 (a) is intended to prevent undue delay and ensure that a lawsuit will either continue forward or be dismissed as to the deceased party.[21]

## DISCUSSION

**Dismissal is Required.** Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 25(a)(1) because no motion to substitute was made within 90 days of the statement noting death.[22] Hill's counsel was given at least three opportunities to substitute the Estate as the proper party following statements of death made on the record and served on Hill's counsel. The parties jointly made the first statement of death on the record in a Stipulated Motion to Amend the Scheduling Order on December 15, 2021.[24] Defendants again made a statement noting Hill's death on March 7, 2022 in Defendants' request for a status conference.[25] Hill's counsel was given yet a third opportunity to substitute the Estate pursuant to the entry of the amended scheduling order intended to permit to substitute the proper party in interest by September 11, 2022.[26] No motion to substitute was filed within 90 days of any of those events, nor has Hill's counsel since moved for substitution.

---

[20] Fed. R. Civ. P. 25 (a) (1) advisory committee's note to 1963 amendment.

[21] *See Stoddard v. Smith,* 2001 UT 47, ¶¶ 10-12, 27 P.3d 546, 549 (analyzing purpose of identical Utah R. Civ. P. 25 (a) (1).

[22] Motion to Dismiss, docket no. 46, at 4-8, filed March 14, 2023.

[24] Stipulated Motion to Amend the Scheduling Order, docket no. 30, filed Dec. 15, 2021.

[25] Request for Status Conference and Amendment of Scheduling Order, docket no. 33, filed March 7, 2022.

[26] Amended Scheduling Order at 2, docket no. 42, filed July 28, 2022.

Hill's counsel acknowledges that he has not filed a motion to substitute the Estate as the proper party in interest.[28] He also does not oppose Defendants' motion to dismiss this matter pursuant to Rule 25.[29]

Dismissal is not a technical "gotcha." Dismissal is required to avoid interference with the court's orderly processes. Litigation cannot be initiated and then delayed indefinitely.

**Dismissal With Prejudice is Required.** While dismissal *with* prejudice under Rule 25 is not mandatory in all circumstances, courts in other districts have held that dismissal with prejudice is warranted under circumstances similar to those present here.[30] Hill's counsel argues that dismissal *without* prejudice is appropriate because his delay in seeking substitution was due to his interest in settling this dispute with Defendants.[31] But Hill's counsel does not establish good cause or excusable neglect for his repeated failure to substitute the Estate since the parties first notified the Court of Plaintiff's death. Under *Four Seasons Secs. Laws Litig. v. Bank of Am.*,[32] a finding of excusable neglect requires a demonstration of good faith *and* it must also appear that there was a reasonable basis for not complying with the specified period. A unilateral desire to seek settlement is not enough to establish good faith or excusable neglect.

---

[28] Plaintiff's Memorandum in Opposition at 14.

[29] Plaintiff's Memorandum in Opposition at 15-16.

[30] *See* Motion to Dismiss, docket no. 46, at 7 n. 3, filed March 14, 2023

[31] Plaintiff's Memorandum in Opposition at 14.

[32] 493 F.2d 1288, 1290 (10th Cir. 1974).

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED and Mr. Hill's claims are DISMISSED WITH PREJUDICE.

Signed August 10, 2023.

BY THE COURT

David Nuffer
United States District Judge